IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA STOCKTON,

      Plaintiff,

v.                                                  No. CIV-02-1606 JB/WDS

HEEL, INC., a New Mexico Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a letter that the Plaintiff's expert, M. Brian McDonald, Ph.D., ("McDonald") sent to the Court on November 13, 2004.[1]  The issue is whether McDonald's usual and customary fee of $800.00 minimum for the first two hours of deposition or trial testimony in Albuquerque is reasonable.  Because the Court concludes that such a fee is reasonable, the Court will order the Defendant, Heel, Inc., to pay the unpaid balance of the fee.

## BACKGROUND

McDonald has been an economic expert in New Mexico for over 24 years.  McDonald is not an attorney.  The Plaintiff, Maria Stockton, retained McDonald as her economic expert.

McDonald produced a rule 26 expert report in this case on June 16, 2003, which Stockton provided to Heel's attorney.  See Letter from M. Brian McDonald, Ph.D. to Jeffrey A. Dahl (dated June 16, 2003).  At the bottom of page 2 of this report, McDonald indicated that a copy of his fee

---

[1] McDonald initiated this Court's involvement in the fees dispute with his letter to the Court. Case law supports this Court's authority to resolve the dispute even though McDonald is not a party. See Fields v. Freedman, Civ. No. 81-2075-S, 1988 U.S. Dist. LEXIS 1611 (D. Kan. Feb. 25, 1988)(granting expert's motion for enforcement of Magistrate Judge's Order compelling payment of expert's fees).  At the hearing on this matter, held December 31, 2003, Plaintiff's counsel indicated that the Plaintiff joins in the motion.  All parties wanted this Court to resolve the dispute.  There is, therefore, no question that this Court has the authority to resolve this dispute.

schedule was attached.  Heel represents, however, that it was unaware of his fee schedule before the commencement of his deposition.  Heel states that the fee schedule was not attached to the copy of the report produced to it.  The fee schedule states that McDonald's usual and customary fee is $800 covering the first two hours as a minimum for deposition or trial testimony in Albuquerque. McDonald's fee was $275 per hour thereafter.

McDonald represents that his current deposition fee of $800 has been in effect since July 1, 2002.  Since then, McDonald has had his deposition taken approximately 50 times.  In all of those depositions, except the present one, the attorney who noticed McDonald's deposition paid his deposition fee.

McDonald points out that, because of federal rule 26's disclosure requirements, the fees that experts charge are a matter of record.  McDonald states that he is generally aware of fees charged in New Mexico by other economic experts.  McDonald represents that his deposition fee is neither the lowest nor the highest charged by economic experts in the area.  McDonald considers his deposition fee competitive and reasonable in light of the economic market for economic experts.

Heel's attorney noticed McDonald's deposition for July 17, 2003. See Notice of Deposition of M. Brian McDonald, Ph.D. (served June 27, 2003).  Heel took McDonald's deposition.  The deposition lasted approximately 35 minutes.  McDonald produced his file and reference materials at his deposition.  During the deposition, it came out that McDonald's fee schedule was not attached to the copy of his report produced to Heel.  See Deposition of M. Brian McDonald at 6-7 (taken July 17, 2003).

Upon completion of his deposition, McDonald submitted his invoice to Heel's attorney for payment for his deposition.  See Letter from M. Brian McDonald, Ph.D. to Stephanie Landry (dated

-2-

July 17, 2003).  McDonald added New Mexico gross receipts tax of $46.50, for a total bill of $846.50.

On August 4, 2003, Heel's counsel wrote McDonald a letter refusing to pay McDonald's usual deposition fee and contending that it does not meet the standard of reasonableness under the Federal Rules of Civil Procedure.  See Letter from Stephanie Landry to M. Brian McDonald, Ph.D. (dated August 4, 2003).  Heel indicated that it would pay a lower amount, $140, which it considered to be reasonable, "in full payment" for his time regarding the deposition.  Heel indicated that, if McDonald sought further amounts, he would need to obtain such amounts from Stockton under his retention agreement with her.

On August 7, 2003, McDonald acknowledged this partial payment of $140, deposited that amount, and indicated that the balance due was $706.50.  McDonald stated that, in light of Heel's letter of August 4, 2003, and its refusal to pay his usual deposition fee, interest on the unpaid balance would accrue at 1% per month.  On October 1, 2003, McDonald indicated his intent to file a claim in Metropolitan Court.

Heel suggested that McDonald should instead take this matter up with this Court, indicating that this is the appropriate jurisdiction.  As of November 12, 2003, the outstanding balance for McDonald's deposition of July 17, 2003 remains unpaid.  McDonald sent an updated invoice to Heel's attorney on November 12, 2003, indicating the new balance due of $727.91, which includes interest since August 7, 2003.

McDonald states that he has never experienced a situation where an attorney has refused to pay his deposition fee on the grounds that the fee was unreasonable.  In its letter of December 30, 2003, to this Court, Heel asks this Court to determine that $140 is reasonable.

<u>ANALYSIS</u>

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure states: "Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . ."  Fed. R. Civ. P. 26(b)(4)(C).  Courts have considered the following factors: (i) the expert's area of expertise; (ii) the education and training required to provide the expertise that is sought; (iii) the prevailing rates for other comparably respected experts; (iv) the nature, quality and complexity of the information provided by the expert; (v) the cost of living in the applicable geographic area; and (vi) any other factor that may assist the court in achieving the proper balance of interests implicated by Rule 26.  <u>See</u> 6 Moore's Federal Practice § 26.80[3], at 236.8 - 236.9 (3d ed. 2003).  In addition to these factors, "the court may consider: (1) the fee actually charged the party who retained the expert; and (2) fees traditionally charged by the expert on related matters."  <u>Fait v. Hummel</u>, No. 01 C 2771, 2002 WL 31433424 at *4 (N.D. Ill. Oct. 30, 2002).

If neither party offers any evidence of its position, the court may use its discretion in determining the reasonableness of the fees.  <u>See id.</u>  <u>See also</u> <u>Mannarino v. United States</u>, 218 F.R.D. 372, 374 (E.D.N.Y. 2003)("As a general rule, '[t]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness . . . .  If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee.'")(quoting <u>New York v. Solvent Chem. Co.</u>, 210 F.R.D. 462, 468 (W.D.N.Y. 2002).  Courts generally allow compensation for travel expenses.  <u>See</u> <u>Frederick v. Columbia University</u>, 212 F.R.D. 176, 177 (S.D.N.Y. 2003).  Courts differ whether experts should be compensated for time spent in preparation for a deposition.  <u>Compare</u> <u>Boos v. Prison Health Servs.</u>, 212 F.R.D. 578, 579 (D. Kan.

2002)(holding that compensation under rule 26(b)(4)(C) includes a reasonable amount of time spent in preparation for a deposition) with Benjamin v. Gloz, 130 F.R.D. 455, 457 (D. Colo. 1990)(holding that compensation under rule 26(b)(4)(C) does not include time spent preparing for a deposition).

The parties have not submitted much, if any, evidence supporting their views of the reasonableness of the rate to be paid.  McDonald is providing an evaluation of front and back pay for Stockton in her employment dispute.  McDonald and Plaintiff's counsel stated on the record that, in their experience, McDonald's rates are competitive with or even less than other economists in New Mexico.  Heel, on the other hand, did not provide the Court with any evidence that the rate of $800 for two hours minimum is excessive.

In its letter of August 4, 2003, and its letter to this Court, Heel seems to be concerned about the short duration of McDonald's deposition.  More time is usually involved in an expert's deposition than just the seat time at the deposition.  The expert generally must prepare for the deposition by reviewing the file and by assembling reference materials upon which he or she relies.  McDonald represents that is his practice, too.

An expert must travel to and from the deposition.  If requested, McDonald must read and sign the deposition transcript with any corrections noted.  It is reasonable for an expert to roll preparation and read/review into his minimum fee.  Indeed, so doing may reduce disputes about the time actually spent.

Finally, McDonald does not control the amount of time that is used at his deposition.  The deposing attorney has the most control.  McDonald must, however, reserve a block of time on his calendar sufficient for his deposition.  During that reserved time, McDonald does not have the opportunity to schedule other billable work.  Thus, McDonald's fee incorporates his compensation

for all of the time associated with the deposition, not just the seat time.

Heel represents that it was not aware of McDonald's fee schedule before the commencement of his deposition and did not have an opportunity to agree or disagree with it. The Court must assign the burden of finding out the fee, however, to the deposing party. A consumer is generally expected to determine the price of a good or service before the purchase, not object after a purchase.

While it could be said that Heel had no choice in deposing McDonald, had Heel made inquiry and known of McDonald's fee schedule before his deposition, it could have raised its concerns about it or decided to forego the deposition. A deposing attorney should not take an expert's deposition and then, after the deposition, unilaterally determine what he or she considers a reasonable fee for the deposition. The facts suggest that Heel did not object to or discuss McDonald's fee before the deposition, but only complained after taking his deposition.

The Court will resolve the dispute by compelling Heel to pay McDonald another $660 for the deposition it took on July 17, 2003. That (plus the $140.00 already paid) is what McDonald's fee schedule indicated Heel would be charged for his deposition. That was what McDonald produced at the deposition. Because McDonald's fee schedule does not mention fees or taxes, however, the Court will not order Heel to pay those amounts.

IT IS ORDERED that Defendant Heel, Inc. pay M. Brian McDonald, Ph.D., another $660 for the deposition it took on July 17, 2003.

_____
UNITED STATES DISTRICT JUDGE

<u>Counsel:</u>

Jeffrey A. Dahl
Lamb, Metzgar, Lines & Dahl, P.A.
Albuquerque, New Mexico

> *Attorney for the Plaintiff*

M. Brian McDonald, Ph.D.
Albuquerque, New Mexico

> *Economic expert for the Plaintiff*

Margaret C. Ludewig
Stephanie Landry
Landry & Ludewig, L.L.P.
Albuquerque, New Mexico

> *Attorneys for the Defendant*